RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/30/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RICKIE ELLISON (#129207)  DOCKET NO. 11-CV-1252; SEC. P

VERSUS  JUDGE JAMES T. TRIMBLE JR.

CONCORDIA PARISH  MAGISTRATE JUDGE JAMES D. KIRK
CORRECTIONAL FACILITY, ET AL.

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's civil rights complaint (42 U.S.C. §1983) filed pro se and in forma pauperis. Plaintiff is incarcerated at the Richwood Correctional Center in Monroe, Louisiana. He complains of a delay in medical care at Concordia Parish Correctional Facility in Ferriday, Louisiana. He names as defendants Concordia Correctional Facility, Russell Butler, Deborah Cowan, and Concordia Medical Board.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff alleges that on August 16, 2010, he fell out of his top bunk, causing injury to his neck. He states that he was examined; but, because he had no cuts or bruises, they presumed he was fine and sent him back to the dorm. The next morning, Plaintiff told LPN Megan Wilkinson about his fall. The following day, Plaintiff received Tylenol at pill call. He states that he felt better, but later began to feel the effects of his fall. [Doc.

#4, p.11] He began to experience numbness in his fingers and gradually began to lose the use of his left hand and leg. He claims that he complained of these problems from November through January, and was finally sent to LSU hospital in February 2011. Plaintiff alleges that, even after his fall on August 16, 2010, the Defendants failed to provide him with a bottom bunk pass until January 20, 2011.

In January 2011, Plaintiff was referred to a neurologist. [Doc. #4, p.19] On February 16, 2011, Plaintiff was transported to LSU Shreveport for various tests. On March 16, 2011, Plaintiff was transported back to Shreveport for follow up tests. He was admitted on an emergency basis that day. [Doc. #4, p.13] The doctor informed Plaintiff that he would have permanent nerve damage because of the delay in obtaining surgery, and that the surgery could not correct the damage that was done, but only prevent further injury. [Doc. #4, p.7] Plaintiff alleges that the actual injury from the fall was probably only at C7, but that because of the delay, the C7 injury ended up having an impact on C5 and C6.

On March 25, 2011, Plaintiff had surgery on C5, C6, and C7 vertebrae. [Doc. #4, p. 13] On March 27, 2011, Plaintiff was discharged and transported back to Concordia. The doctors asked the guards if Concordia had a medical ward or recovery room that Plaintiff could recover in from surgery. The guards "lied and said yes." Because Concordia had no such facility, Plaintiff spent ten

days in a lock down cell. He lost 9 pounds following surgery as a result of the conditions of his confinement. [Doc. #4, p.13]

On April 5, 2011, Plaintiff was transferred to Richwood Correctional, despite having 25 staples in his back. [Doc. #4, p.13]

### Law and Analysis

*1. Medical Care*

In order to state a constitutional claim for denial of adequate medical care, the Plaintiff must allege facts demonstrating "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment ... whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care...." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Mayweather v. Foti, 958 F.2d 91, 91 (5th Cir. 1992). To state a claim of deliberate indifference to serious medical needs, the plaintiff must allege facts showing that the defendant **denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints**. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A *delay* in medical care violates the Eighth Amendment only if it is due to deliberate indifference *and* the delay results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

3

Plaintiff was ordered to amend his complaint to allege deliberate indifference on the part of each defendant. Plaintiff's conclusions that the defendants ignored his complaints are unsupported by his factual allegations; his allegations actually indicate otherwise. Plaintiff alleges that the nurse saw him at least twelve times from August 17, 2010 until November 2010. [Doc. #11, p.2] He claims that the nurse put him on the call out list to see the doctor and provided him with various medications. First, she gave Plaintiff ibuprofen for pain. The ibuprofen helped for a little while, but the pain came back. Plaintiff was then provided Tylenol. When the Tylenol no longer alleviated the pain, the nurse ordered a "stronger" medication, naproxen. [Doc. #11, p.2] The nurse also conducted physical examinations and reflex tests. When Plaintiff saw the doctor in November, the doctor ordered prescription medication for pain, which Plaintiff took for two weeks. Once it was clear that Plaintiff was not responding to the prescription medication either, he was sent to LSU medical center, where he underwent tests and examinations over the course of two months. Ultimately surgery was ordered and performed.

Plaintiff's allegation that the nurse or doctor at Concordia *purposefully* gave him the wrong treatment is unsupported by any factual allegations in the record. Even if Plaintiff could ultimately prove that the nurse or physician were negligent, of which there is no evidence at this point, his claim would still

fail. "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. <u>Hernandez v. Tex. Dep't of Prot. and Reg. Servs.</u>, 380 F.3d 872, 882 (5th Cir. 2004). Plaintiff fails to state a claim for deliberate indifference to his serious medical needs.

Plaintiff also complains of the care he received post-surgery. He alleges that, following surgery, he was transported back to Concordia and housed in an isolation cell for ten days because Concordia Correctional did not have an appropriate medical facility in which Plaintiff could recuperate. According to his numerous memoranda and correspondence to the Court, Plaintiff was temporarily housed apart from the general population in order to recover from surgery until he was moved to Richwood Correctional. Plaintiff alleges that he was unable to sit up to eat, so he lost nine pounds in ten days. However, it is noted that he does not complain that he was unable to sit up to drink or use the toilet, nor does he complain that he was deprived of any post-op medications or medical care. He does not complain that he suffered any injury or medical complications as a result of the loss of weight. <u>See</u> eg., <u>Amir-Sharif v. Dallas County</u>, 2006 WL 2860552, 7 (N.D.Tex. 2006)(Sleep deprivation, headaches and weight loss amount to de minimis physical injuries without more. Plaintiff does not

5

allege that he suffered from side effects which required medical attention as a result of the above conditions.); <u>Hernandez v. City of Farmers Branch</u>, 2002 WL 66162, 4 (N.D.Tex. 2002)(Since Plaintiff has not suffered any physical injury as a result of the conditions of confinement alleged in the complaint, except for minimal weight loss, § 1997e(e) bars his claim for compensatory damages for mental pain and suffering.) Moreover, Plaintiff has not presented allegations of the "unnecessary and wanton infliction of pain" by the named defendants. His claim regarding post-operative care is without merit.

2. *Juridical Persons*

Plaintiff names Concorida Parish Correctional Facility as a defendant. However, the facility is not a juridical person, which is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. Art. 24. A review of the Louisiana Secretary of State's corporations database suggests that Concordia Parish Correctional is not a corporation, and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise. Likewise, the Concordia Medical Board is not a legal entity capable of being sued.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED WITH PREJUDICE** for failing to

state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 27th day of January, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE